George J. CHRISTY and CHRISTY COMPANY OF
ARKANSAS, INC. *v.* FIRST NATIONAL BANK OF
COMMERCE, NEW ORLEANS, LOUISIANA

85-316                                                711 S.W.2d 779

Supreme Court of Arkansas,
Opinion delivered June 23, 1986
[Rehearing denied September 15, 1986.]

*Friday, Eldredge & Clark*, by: *William A. Waddell, Jr.*, for
appellant.

*Shaver, Shaver & Smith*, by: *Tom B. Smith*, for appellee.

ROBERT H. DUDLEY, Justice. Appellee, First National Bank
of Commerce of New Orleans, Louisiana, filed a petition to
register a foreign judgment against appellants, Christy Company
of Arkansas, Inc. and George J. Christy. The trial court entered

an order of registration. We affirm.

A family named Blondin owned a 33.35 acre tract of land in Ruston, Louisiana. Appellant Christy Company leased the tract from the Blondins in order to build a shopping center upon it. The appellee bank agreed to make the interim loan for the construction of the shopping center. As evidence of the indebtedness to be incurred, the Christy Company executed a $4,600,000.00 promissory note to the appellee bank. The note was secured by a collateral mortgage note, also for the principal sum of $4,600,000.00. The collateral mortgage note was secured by a mortgage, executed by the Christy Company and the Blondins, by which the Christy Company mortgaged its leasehold interest and the Blondins mortgaged their ownership interest. The Blondins signed neither the collateral mortgage note nor the negotiable promissory note. Under the applicable Louisiana law, their liability was limited to their land which was mortgaged. Appellant George Christy endorsed both the negotiable promissory note and the collateral mortgage note.

The Title Insurance Company of Minnesota insured the bank's mortgage interest up to the $4,600,000.00 face amount of the policy.

After the bank had advanced $989,559.49 of the construction money, the Christy Company defaulted. The bank then filed suit to foreclose on the Blondin's property. The Louisiana trial court held the mortgage was unenforceable. The bank next filed suit against the Christy Company, George Christy, and the Blondins. The claim against the Blondins was again rejected, but the bank was awarded a judgment against the Christy Company and George Christy in the amount of $989,559.49, plus interest, attorney's fees and costs.

The bank then filed a malpractice suit for $989,559.49 against its law firm. Named in that suit were the law firm's malpractice carriers, St. Paul Fire and Marine Insurance Company and the United States Fire Insurance Company.

The bank filed another suit for $989,559.49, this one against its title insurer, Title Insurance Company of Minnesota, alleging that the insurer was liable as a result of the failure of the mortgage.

The law firm and the three insurance carriers later settled the bank's suits against them for $250,000.00. Appellants, Christy Company and George Christy, contend that the settlement also dismissed them under Louisiana law, and therefore, the judgment, having been discharged, is not subject to registration in Arkansas. *See* Ark. Stat. Ann. § 29-815 (Repl. 1979).

Appellants base their discharge argument on the Louisiana Civil Code, prior to its amendment and reenactment, which provided:

Art. 2203. *Remission as to one codebtor in solido*

Art. 2203. The remission or conventional discharge in favor of one of the codebtors *in solido*, discharges all the others, unless the creditor has expressly reserved his right against the latter.

In the latter case, he cannot claim the debt without making a deduction of the part of him to whom he has made the remission.

"Remission" is defined in Black's Law Dictionary (Rev. 4th ed.) as: "In civil law. A release of a debt. It is *conventional*, when it is expressly granted to the debtor by a creditor having a capacity to alienate. . . ."

La. Civ. Code Ann. art. 2091 explains an obligation *in solido*:

Art. 2091. *Obligations in solido on the part of debtors*

Art. 2091. There is an obligation *in solido* on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.

La. Civ. Code Ann. art. 2092 provides further explanation:

Art. 2092. *Debtors in solido with different terms or conditions*

Art. 2092. The obligation may be *in solido*, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, if the

one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other.

Finally, La. Civ. Code Ann. art. 2093 provides:

Art. 2093.  *Presumption against obligations in solido; exceptions*

Art. 2093. An obligation *in solido* is not presumed; it must be expressly stipulated.

This rule ceases to prevail only in cases where an obligation *in solido* takes place of right by virtue of some provisions of the law.

For appellants to prevail on their argument they must show that their obligation is *in solido* with the obligation of the law firm and the insurance companies. In other words, appellants must establish that they are all obliged to the payment of the same thing even though they may be obliged differently. As provided by La. Civ. Code Ann. art. 2093, there is a presumption against obligations *in solido*, and they must be expressly stipulated or arise by some provision of the law.

There was no express stipulation of an obligation *in solido* among these parties. Therefore, in order to find an obligation *in solido* in this case, it must arise by virtue of some provision of the law.

An example of the concept of solidary obligors, something more broad than joint and several liability, is found in *Hoefly* v. *Government Employees Insurance Co.*, 418 So.2d 575 (La. 1982), where the Supreme Court of Louisiana wrote:

The tortfeasor and the uninsured motorist carrier are obliged to the same thing. A tortfeasor is obliged to repair the damage that he has wrongfully caused to the innocent automobile accident victim. La.C.C. art. 2315. Subject to conditions not granted the tortfeasor, the uninsured motorist carrier is independently obliged to repair the same damage. By effect of the uninsured motorist statute, La.R.S. 22:1406(D)(1)(a), and its insuring agreement, the plaintiffs' uninsured motorist carrier is required to pay, subject to statutory and policy conditions, amounts which

they are entitled under other provisions of law to recover as damages from owners or operators of uninsured or under-insured motor vehicles. By effect of law, and the terms of the insuring agreement, therefore, both the uninsured motorist carrier and the tortfeasor are obliged to the same thing. The Work of the Louisiana Appellate Courts, 1974-1975 Term—Obligations, 36 La.L.Rev. 375, 379-380 at n. 23; The Work of the Louisiana Appellate Courts for the 1967-1968 Term—Insurance, 29 La.L.Rev. 253, 257 (1969); The Work of the Louisiana Appellate Courts for the 1966-1967 Term—Insurance, 28 La.L.Rev. 372, 373-374 (1968).

Appellants contend that La. Civ. Code Ann. articles 2091 and 2092 provide ample authority for finding that the appellants and the insurance companies were debtors *in solido*. In other words, they contend that meeting the requirements of those two articles alone is sufficient to establish solidary obligations, and that article 2093 does not require them to show that the obligation arises by virtue of some provision of the law *apart from* articles 2091 and 2092. We need not reach that argument because here the appellants have not established that the parties are obligated to the payment of the same thing under articles 2091 and 2092. The appellants are liable for all money advanced to them, almost a million dollars, plus interest, attorney's fees and costs. Under Louisiana law it is an in personam obligation. St. Paul Fire and Marine Insurance Company, United States Fire Insurance Company, Title Insurance Company of Minnesota, and the Louisiana law firm are not liable for the full amount of money advanced to appellants; instead, they are liable only for the amount of damages incurred by the bank for the failure to perfect a mortgage upon the Blondins' property. Under Louisiana law it is an in rem obligation. The nature of the two obligations is different. They are not the same thing.

Appellants contend that the obligations arise from the same fact situation and that the bank sued the insurance companies and the law firm for the same amount of money; therefore, it is the same obligation. The argument is without merit. Simply because the bank sued these parties and prayed for the same amount of money is not enough to establish *in solido* obligations. We cannot say that the obligations of the parties to

the settlement are *in solido* with the obligations of the appellants. The release did not discharge appellants' debt to the bank. Therefore, the judgment is not satisfied and is subject to registration.

Appellants next argue that, after registration of the judgment, they are entitled to a credit for the amount of the settlement, less costs and expenses. The argument is meritorious because in response to an interrogatory in this suit, appellee stated that it "would stipulate that Defendants [appellants] are entitled to a credit of $250,000.00, less the cost and expenses incurred in obtaining same, upon the judgment sought to be registered. . . ." That response was admitted into evidence with no objection from appellee.

Affirmed as modified.